UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON CRAWFORD,

     Plaintiff,

v.                                                                Case No.:  2:26-cv-117-SPC-NPM

SHERIFF BILL PRUMMELL, *et al.*,

     Defendants.

---

## OPINION AND ORDER

Before the Court is pro se Plaintiff Jason Crawford's Emergency Motion for Preliminary Injunction, which the Court construes as a Motion for Temporary Restraining Order.[1]  (Doc. 6).  Plaintiff claims the "Defendant Agency"[2] admitted that it purged certain records associated with this case after thirty days.  So he asks the Court to direct the Defendant Agency to sequester system audit logs and enjoin further spoliation of such evidence.  (*Id.*).  In other words, Plaintiff wants an order compelling Defendant Agency to preserve evidence.  The Court denies the motion.

---

[1] Plaintiff has not served Defendants, and he titles his motion as an "emergency."  Given he seeks the injunctive relief without notice to Defendants, the Court construes the motion as one for a temporary restraining order.  *See* Fed. R. Civ. P. 65(b).

[2] The Court does not know who the "Defendant Agency" is because Plaintiff only sues individuals.  But this makes no difference because Plaintiff's motion is denied anyway.

To receive injunctive relief, the movant must show "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Plaintiff's motion fails for multiple reasons. First, it is unclear whether any Defendant in this case currently has an obligation to preserve evidence. A duty to preserve evidence kicks in once a party reasonably anticipates litigation. *See Selectica, Inc. v. Novatus, Inc.*, No. 6:13-CV-1708-ORL-40, 2015 WL 1125051, at \*4 (M.D. Fla. Mar. 12, 2015) ("Once a party reasonably anticipates litigation, it is obligated to suspend its routine document retention/destruction policy and implement a 'litigation hold' to ensure the preservation of relevant documents."); *Vitality Sys., Inc. v. Sogeval Lab'ys, Inc.*, No. 8:09-CV-0200-T-24EAJ, 2010 WL 11507249, at \*3 (M.D. Fla. May 13, 2010) ("A duty to preserve evidence arises once a litigant knows it possesses documents or information relevant to a potential litigation."). Defendants have not yet been served, so it is unclear if they have any reason to anticipate this litigation and thus preserve evidence.

On that score, Plaintiff does not suggest he asked Defendant Agency (or any Defendant) to preserve evidence, but they refused to do so. In fact,

Plaintiff's 3.01(g) certification indicates he has not contacted Defendants. (Doc. 6 at 6). So it cannot be said that harm to Plaintiff is irreparable when he has not first employed the most rudimentary step of notifying Defendants of this lawsuit and requesting evidence preservation.

Regardless, emergency injunctive relief is not an appropriate avenue for preservation of evidence. Assuming Defendants currently have a duty to preserve evidence, sanctions are an appropriate remedy for the destruction of relevant evidence. *See Hammond v. 1 Opal, Inc.*, No. 5:19CV547-TKW-MJF, 2019 WL 13199589, at *1 (N.D. Fla. Dec. 9, 2019) (explaining "an order requiring Defendant to prevent spoliation of evidence is not necessary to protect Plaintiff because, even without such an order, Defendant has a duty to preserve evidence and the Court has the authority to impose sanctions for violating that duty"); *Univ. of Fla. Bd. of Trs. v. Hartmann's Plant Co.*, No. 1:16CV27-MW/GRJ, 2016 WL 9185283, at *1 (N.D. Fla. Feb. 11, 2016) (denying motion for temporary injunction to prevent spoliation of evidence and noting that "any destruction of evidence may result in severe sanctions"). So Plaintiff has not shown irreparable harm.

Accordingly, it is now

**ORDERED:**

Plaintiff's Emergency Motion for Preliminary Injunction, construed as a Motion for Temporary Restraining Order (Doc. 6), is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4