UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON CRAWFORD,

Plaintiff,

v. Case No.: 2:26-cv-117-SPC-NPM

SHERIFF BILL PRUMMELL, *et al.*,

Defendants.

---

**OPINION AND ORDER**

Before the Court is pro se Plaintiff Jason Crawford's amended complaint. He brought this RICO, False Claims Act, and § 1983 action against over twenty government defendants. (Doc. 95). However, the amended complaint is a bunch of gobbledygook of which the Court cannot make heads or tails. Because Plaintiff's amended complaint is an incoherent shotgun pleading, the Court dismisses it without prejudice.

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm City Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (defining the four types of shotgun

pleadings). "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

As noted, Plaintiff's complaint is a bunch of indecipherable mumbo jumbo. It is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. And given its incoherence, there is no way for Defendants to form a responsive pleading. Indeed, the Court is unable to decipher it. *See Battise v. U.S. Bank Nat'l Ass'n*, No. 4:24-CV-49, 2025 WL 1900008, at *3 (S.D. Ga. July 9, 2025) (finding shotgun pleading because "the Court cannot decipher what claims [the plaintiff] asserts against Defendant, much less the supposed legal and factual bases for those claims"); *Seoane v. Derenthal*, No. 6:23-CV-1906-WWB-RMN, 2023 WL 12082460, at *3 (M.D. Fla. Oct. 27, 2023), *report and recommendation adopted*, 2024 WL 5681627 (Jan. 11, 2024) ("Even construing the Complaint liberally to account for Plaintiff's pro se status, the Court cannot decipher the grounds upon which Plaintiff wishes to specifically sue each of the twenty-six named Defendants.");*Weinstein v. City of N. Bay Vill.*, 977 F. Supp.

2d 1271, 1285 (S.D. Fla. 2013) ("Shotgun pleadings are those which are confusing, incoherent, or repetitive.").

The only real inquiry is whether to allow Plaintiff an opportunity to replead. When dismissing a complaint on shotgun pleading grounds, the Eleventh Circuit generally "require[s] district courts to sua sponte allow a litigant one chance to remedy such deficiencies." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). There is an exception to this rule, however, where amendment would be futile. *See Faison v. Ratliff*, No. 21-11098, 2022 WL 577584, at *4 (11th Cir. Feb. 25, 2022) ("But a district court doesn't have to allow an opportunity to amend where further amendment would be futile." (citation omitted)). Another exception is when the complaint is patently frivolous. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015) (explaining a district court is permitted to *sua sponte* dismiss a suit without notice and opportunity if the court determines that the complaint "is patently frivolous"); *Vega v. Kahle*, No. 23-12065, 2025 WL 3540349, at *3 (11th Cir. Dec. 10, 2025) (same). Both exceptions likely apply here. Nonetheless, the Court will provide Plaintiff one opportunity to replead out of an abundance of caution. Plaintiff must use this opportunity to draft a comprehensible pleading that complies with the Federal Rules of Civil

Procedure, including Rules 8, 9, 10, and 11.[1] (*See also* Doc. 72 (advising Plaintiff of the basic pleading requirements)).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's amended complaint (Doc. 95) is **DISMISSED without prejudice.**
2. On or before **August 20, 2026**, Plaintiff must file an amended complaint that corrects the deficiencies outlined above. **Failure to comply may result in the Court dismissing and closing this case without further notice.**
3. Defendants' Motions to Dismiss (Docs. 103, 104, 109, 168, 169) are **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 10, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

[1] Although the Court does not reach the issues here, Defendants raise several merits-based grounds for dismissal in their respective motions to dismiss. (Docs. 103, 104, 109, 168, 169). Although it is hard to weigh their arguments due to the incoherence of Plaintiff's pleading, many of them appear to have merit. So Plaintiff should also take into account Defendants' arguments when drafting his second amended complaint.