UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON CRAWFORD,

Plaintiff,

v. Case No.: 2:26-cv-117-SPC-NPM

SHERIFF BILL PRUMMELL, *et al.*,

Defendants.

---

**OPINION AND ORDER**

Before the Court is pro se Plaintiff Jason Crawford's second amended complaint. (Doc. 177). The second amended complaint is a shotgun pleading. And because the Court already granted Plaintiff an opportunity to fix his previous shotgun pleading (Doc. 176), the Court dismisses the second amended complaint with prejudice.[1]

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendant adequate notice of the claims against them and the grounds upon

[1] District courts may *sua sponte* dismiss complaints on shotgun pleading grounds. *See Arrington v. Green*, 757 F. App'x 796, 798 (11th Cir. 2018) (affirming sua sponte dismissal of amended complaint as an "impermissible shotgun pleading.").

which each claim rests." *Weiland v. Palm City Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (defining the four types of shotgun pleadings). "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).

Dismissing Plaintiff's prior complaint as a shotgun pleading, the Court explained the pleading was a bunch of indecipherable mumbo-jumbo. (Doc. 176). Although his complaint improved, it nonetheless contains seventy paragraphs of jumbled and confusing jurisdictional, party, and factual allegations pertaining to over twenty government defendants. (Doc. 177). But that alone is not the problem. The larger issue is Plaintiff incorporates and realleges all seventy paragraphs into each of his claims, regardless of which defendant the claim is against and regardless of whether the facts pertain to the applicable defendant or claim. (*See generally* Doc. 177). This pleading tactic constitutes a quintessential shotgun pleading. *See Johnson Enters. of Jacksonville v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (stating that impermissible shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief" and then "[t]he general allegations are incorporated by reference into each count of the complaint."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d

1353, 1359 n.9 (11th Cir. 1997) (finding the complaint was an "all-too-typical shotgun pleading" because "[e]ach count has two numbered paragraphs, the first of which incorporates by reference all forty-three paragraphs of factual allegations"); *Tennison v. City of Decatur, Alabama*, No. 5:25-CV-1466-HDM, 2026 WL 539472, at *4 (N.D. Ala. Feb. 26, 2026) ("This undifferentiated mass incorporation of factual paragraphs into each claim renders the complaint a shotgun pleading.").

The Court warned Plaintiff that "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Because Plaintiff's second amended complaint is still a shotgun pleading (in addition to its likely frivolity), the Court dismisses it with prejudice. *See Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (holding district court did not abuse its discretion in dismissing seconded amended complaint with prejudice on shotgun pleading grounds after it previously gave plaintiff an opportunity to amend).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's second amended complaint (Doc. 177) is **DISMISSED with prejudice.**
2. The Clerk is **DIRECTED** to enter judgment for Defendants, deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record